# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20186
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 17, 2015

Lyle W. Cayce
Clerk

FIRST METROPOLITAN CHURCH OF HOUSTON,

Plaintiff - Appellant

v.

GENESIS GROUP, also known as The Genesis Group, Incorporated,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-2786

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

First Metropolitan Church of Houston ("First Metropolitan") appeals the district court's dismissal of its claims against Genesis Group ("Genesis") for want of personal jurisdiction. We AFFIRM.

First Metropolitan, a church in Texas, was attempting to obtain refinancing on a mortgage. Genesis, a company that helps churches obtain

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20186

financing, negotiated a contract with First Metropolitan. In exchange for $56,250, Genesis agreed to contact banks to try to obtain refinancing for First Metropolitan. Half of the payment was due upfront, but it was refundable. The rest of the payment was due when First Metropolitan signed a loan obtained by Genesis. First Metropolitan paid the first half of the fee. But Genesis did not obtain refinancing for First Metropolitan and refused to refund the initial payment. First Metropolitan sued Genesis in Texas state court for breach of contract and violation of the Texas Deceptive Trade Practices Act ("DTPA"). Genesis removed the case to federal district court and filed a motion to dismiss for want of personal jurisdiction, which the district court granted.

Genesis is incorporated in and has its principal place of business in Pennsylvania. Nonetheless, First Metropolitan argues that Texas can exercise both general and specific personal jurisdiction over Genesis. The only question on appeal is whether exercising personal jurisdiction would comport with constitutional due process.

First Metropolitan argues that Genesis's web presence subjects it to general personal jurisdiction in Texas. We disagree. General personal jurisdiction can be exercised only when "the defendant's 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014)) (alteration in original). "It is . . . incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Id.*

First Metropolitan's general jurisdiction argument is based on Genesis's operation of a website that lets users express interest in Genesis's services by entering their contact information. The website also listed First Metropolitan and other Texas entities as references for Genesis. But maintaining an

2

interactive website is not enough to establish general personal jurisdiction. *Id.* The allegation that Genesis maintained a web form, even when combined with the allegation that Genesis listed Texas residents as references on the website, does not make Genesis's contacts with Texas so continuous and systematic as to render it essentially at home in Texas. "In this case, at most, [Genesis's] website shows that [Genesis] conducts business with Texas, not in Texas." *Id.*

As to specific personal jurisdiction over the contract claim, First Metropolitan essentially argues that, because Genesis entered into and then breached a contract with First Metropolitan—a known Texas resident—Texas can exercise personal jurisdiction over Genesis. This is simply not the law in this circuit. Negotiating and closing a contract with a forum resident by sending communications into the forum state is insufficient to establish specific personal jurisdiction for a breach of contract claim, at least if the contract does "not contemplate a long-term relationship with . . . continuing obligations and wide-reaching contacts." *Stuart v. Spademan*, 772 F.2d 1185, 1193 (5th Cir. 1985). The instant contract did not contemplate such continuing obligations or wide-reaching contacts. Further, the contract did not provide that Genesis would perform its work in Texas specifically. While Genesis did contact a Texas bank on First Metropolitan's behalf, nothing indicates that Genesis was required to do so. Accordingly, Texas was not the hub of the contract's activities. *See Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 313 (5th Cir. 2007) (finding no specific personal jurisdiction in part because the contract was silent as to the location of performance, so the forum state was not the hub of the contract's activity).

The district court found that First Metropolitan's DTPA claim was essentially a restatement of its breach of contract claim. So the district court determined that it did not need to consider the DTPA claim separately when conducting its personal jurisdiction analysis. The DTPA does not provide a

No. 15-20186

separate cause of action for a simple breach of contract. *Ashford Dev., Inc. v. UsLife Real Estate Serv. Corp.*, 661 S.W.2d 933, 935 (Tex. 1983). Below and in its opening appellate brief, First Metropolitan did not articulate how its DTPA claim differed from its breach of contract claim, even though Genesis argued below and the district court held that the DTPA and breach of contract claims were identical. For the first time in its reply brief on appeal, First Metropolitan argues that the two claims are distinct because Genesis *never* intended to adhere to the terms of the contract. Such an allegation could support a distinct DTPA claim. *Tony Gullo Motors I, LP v. Chapa*, 212 S.W.3d 299, 304 (Tex. 2006). But we do not consider arguments that are raised for the first time in a reply brief. *E.g.*, *United States v. Transocean Deepwater Drilling, Inc.*, 767 F.3d 485, 492 (5th Cir. 2014).

Accordingly, we AFFIRM the district court's dismissal of the case for want of personal jurisdiction.

4